In the Matter of ALEXANDER DREIBAND, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, March 29, 1948.

*Einar Chrystie* for petitioner.

*John W. Davis* of counsel (*Murray I. Gurfein* with him on the brief; *Judd & Gurfein,* attorneys), for respondent.

*Per Curiam.* The complaint in this proceeding resulted from charges made by a Judge of the Court of General Sessions of New York County against the respondent, an assistant district attorney, who conducted a trial before him (*People* v. *Steele,* 65 N. Y. S. 2d 214). The learned official referee, in a report conspicuous for its fairness, its comprehensiveness and its sound judgment and understanding, has sustained so much

of the complaint as charged that the respondent knowingly used the false testimony of one of the witnesses called on behalf of the People in his summation. The remaining charges "in so far as any censurable misconduct on the part of this respondent may be inferred therefrom" he found were not established and should be dismissed. It is true, as the referee in his report says, that the respondent's use of the testimony in his summation was "due to overzealousness. He was speaking extemporaneously from notes, his train of thought had been interrupted and when he resumed his argument he referred to the false testimony without giving that consideration to what he was saying that his position and the ethics surrounding it required."

We are not unmindful of the excellent reputation and record of the respondent as a lawyer, a prosecutor and a public spirited citizen — a fine record of faithful and conscientious service. His marked devotion to public duty has been attested by officials of high standing intimately acquainted with the respondent and his work and their opinions carry great weight with this court. However, the overriding consideration must be our deep concern for the true administration of justice. The conduct of the respondent in this isolated instance although not, we are convinced, the result of a deliberate and premeditated intent to deceive the trial court and jury, requires the censure of this court.

PECK, P. J., GLENNON, DORE, VAN VOORHIS and SHIENTAG, JJ., concur.

Respondent censured.